O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BORNEMANN, et al.,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br>SONOS, INC.,<br>　　　　　　　Defendant. | Case No.: 2:25-cv-04656-MEMF-KS<br><br>CONSOLIDATED CASES:<br>2:25-CV-05079-MEMF-KS<br>2:25-CV-05471-MEMF-KS<br>2:25-CV-05776-MEMF-KS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART STIPULATED REQUEST TO APPOINT INTERIM CO-LEAD COUNSEL [ECF NO. 28]**<br><br>Hon. Maame Ewusi-Mensah Frimpong |

　　　　Before the Court is the parties' Stipulated Request to Appoint Pomerantz LLP and Tina Wolfson of Ahdoot Wolfson, PC as Interim Co-Lead counsel to act on behalf of the plaintiffs and the class members in the Related Cases. ECF No. 28. ("Stipulation"). For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART the Stipulated Request to Appoint Interim Co-Lead Counsel. The Court appoints Pomerantz LLP and Tina Wolfson of Adhoot & Wolfson, PC as Interim Co-Lead Counsel, but denies Paragraphs 4 and 5 of the Stipulation as exceeding the scope of an interim appointment under Rule 23(g)(3).

/ / /

/ / /

## I. Background

### A. Factual Background[1]

Plaintiffs[2] in these consolidated putative class actions allege that Defendant Sonos, Inc, ("Sonos") released a materially degraded version of its software application for its home and audio products. On May 7, 2024, Sonos released an app redesign software which plaintiffs allege substantially degraded the functionality of Sonos products. ECF No. 1 at 2. Users were forced to install the redesign as access to the legacy app was cut off without adequate warning. *Id* at 3-4.

Sonos's release of the redesign software violated various consumer protection statutes, breached express and implied warranties, and constituted deceptive and unfair business practices. ECF No. 1 at 61-7. Furthermore, Sonos materially altered or omitted certain facts, commercially harming purchasers deprived of the features and performance for which they paid. ECF No. 1 at 5-7.

### B. Procedural History

Plaintiffs Robert Bornemann, John Bird, and Thomas Flores, collectively (the "Bornemann Plaintiffs") initiated this action on May 22, 2025. ECF No. 1. Four additional actions were filed in the Central District of California over the following six weeks on behalf of putative classes of Sonos device users. *Id*. On July 2, 2025, the parties stipulated to consolidate the five actions under FRCP 42(a). ECF No. 22.

On July 3, 2025, the Bornemann Plaintiffs filed a motion to appoint Pomerantz LLP ("Pomerantz") as Interim Lead Counsel and create an executive committee on which the Rosen Law Firm and Portnoy Law Firm would serve. ECF No. 23. That same day, Plaintiffs Scott Blair, Ryan Bolanowski, and John Welch, collectively ("Blair Plaintiffs") filed a competing motion to appoint Tina Wolfson of Adhood & Wolfson, ("Wolfson") PC as sole Interim Lead Counsel. ECF No. 24.

---

[1] The following factual allegations are derived from the allegations in Plaintiff's Complaint, ECF No. 1 ("Compl."), except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

[2] For purposes of this Order, "Plaintiffs" refers collectively to all named plaintiffs in the consolidated and related actions: *Bornemann, et al v. Sonos, Inc.*, No. 2:25-cv-04656-MEMF-KS; *Albrecht v. Sonos, Inc.*, No. 2:25-cv-05079-MEMF-KS; *Blair, et al. v. Sonos, Inc.*, No. 2:25-cv-05471-MEMF-KS; *Goodrow v. Sonos, Inc.*, No. 2:25-cv-05776-RGK-AS; and *Siena, et al. v. Sonos, Inc.*, No. 2:25-cv-06118-PA-PVC. Each listed plaintiff group brings claims individually and on behalf of all others similarly situated.

On July 17, 2025, both the Bornemann and Blair Plaintiffs filed oppositions. ECF No. 26, ECF No. 27. Sonos took no position on the issue. ECF No. 22 at 4. On July 24, 2025, both the Bornemann Plaintiffs and the Blair Plaintiffs filed the Stipulation, agreeing to appoint Pomerantz LLP and Tina Wolfson of Adhoot & Wolfson, PC as Interim Co-Lead Counsel ("Proposed Interim Counsel"), which was supported by plaintiff in groups *Albrecht, Goodrow,* and *Siena*. ECF No. 28.

II.     **Applicable Law**

A "court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). Courts may appoint interim class counsel to act on behalf of the putative class "before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2). When determining whether to appoint an attorney as class counsel generally, a court "must consider" the following:

(i)     The work counsel has done in identifying or investigating potential claims in the action;

(ii)    Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   Counsel's knowledge of the applicable law; and

(iv)    The resources that counsel will commit to representing the class

Fed. R. Civ. P. 23(g)(1)(A). A Court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). These factors have been applied by courts with respect to the appointment of interim counsel. *Radcliffe v. Hernandez*, 818 F.3d 537, 548-49 (9th Cir. 2016).

III.    **Discussion**

As explained next, the Court finds that the Rule 23(g) factors support appointing Proposed Interim Counsel and thus will appoint Pomerantz LLP and Tina Wolfson as Interim Co-Lead Counsel in this case, but denies the inclusion of paragraphs 4 and 5 of the Stipulation.[3]

---

[3] The Court therefore DENIES the Bornemann and Blair Motions (ECF Nos. 23 and 24) as MOOT.

**A. The Court Finds Proposed Interim Counsel Satisfy the First Rule 23(g) Prong**

Under Rule 23(g)(1)(A)(i), the Court considers "the work counsel has done in identifying or investigating potential claims in the action." Courts generally put greater emphasis on substantive work completed as opposed to "winning the race to the courthouse," which is itself neither required nor dispositive to satisfying this factor. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1048 (9th Cir. 2015). It is apparent to this court that Proposed Interim Counsel have performed a sufficient amount of work in both identifying and investigating potential claims against Sonos.

Pomerantz has demonstrated a proactive and substantive approach. Pomerantz conducted a thorough factual and legal investigation before initiating the suit and filed the first complaint and initiated communication with other firms to consolidate efforts, effectively satisfying Rule 23(g)(1)(A)(i). ECF No. 23-2 at 1. Furthermore, Pomerantz sent formal statutory notice letters to Sonos under Georgia and Texas law contemporaneously with filing. *Id*. Pomerantz also notably extended effort beyond their own case, initiating cross-firm collaboration to coordinate filings, discussing consolidation with defense counsel, and proposing the structure for a leadership slate including other plaintiff firms. ECF No 23-5 at 5–6. Pomerantz's proactive leadership efforts in performing substantive work regarding the instant claims strongly satisfy this prong.

Wolfson has also made notable and material contributions to the advancement of this case. Wolfson's firm retained and consulted an expert prior to filing, investigated aspects of the complaint such as the impact of the software redesign, drafted a consumer-oriented complaint, and collaborated extensively with other counsel. ECF No. 24–1 at 4. Moreover, Wolfson coordinated consolidation and employed a collaborative approach to leadership after contacting counsel in the three other related cases. ECF No. 24–3 at ¶¶ 7–14. Wolfson's emphasis on efficient litigation demonstrates a general proactivity actuated by real substantive work, satisfying this prong of FRCP 23(g).

The Court finds that both Proposed Interim Counsel have undertaken substantial and meaningful efforts to identify and investigate potential claims.

### B. The Court Finds Proposed Interim Counsel Satisfy the Second Rule 23(g) Prong

Under Rule 23(g)(1)(A)(ii), the Court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Courts have wide discretion in determining which counsel best represents the interests of the class. *Radcliffe*, 818 F.3d at 548. As the Ninth Circuit has emphasized, this inquiry is context-dependent and permits consideration of which counsel is most likely to represent the class's interests faithfully, based on the experience of the plaintiff groups, their litigation background, and their role in similar actions. *Id*.

Wolfson brings nearly 30 years of experience representing consumers in complex class actions. She has served as lead counsel in numerous high-profile cases, including the *Apple Inc. Device Performance Litigation*, No. 18-md-02827 (N.D. Cal.) (Davila, J.), which resulted in a $500 million settlement regarding device degradation caused by manufacturer-issued software updates, factual issues that are somewhat analogous to those in this action. ECF No. 24-2 at 1-2. Her firm has also successfully litigated major consumer protection matters involving arbitration clauses, privacy violations, and false advertising in the technology sector. *Id*. (listing outcomes in *Alvarez v. Sirius XM*, *StubHub Refund Litigation*, and *McKnight v. Uber Technologies*).

Pomerantz has submitted its resume and the resumes for the Rosen Law Firm and Portnoy Law Firm, which reflect extensive experience in securities and shareholder litigation, including multimillion-dollar recoveries in derivative suits and financial fraud matters. ECF Nos. 23-3, 23-4, and 23-5. Pomerantz attorneys have thorough experience successfully litigating class actions and securing billions of dollars for defrauded investors (the class). ECF No. 23-2 at 5. More specifically, Pomerantz represented users in a class action against Apple where they were materially harmed due to a defective software update. *Id*. Pomerantz's presented track record demonstrates the requisite experience to faithfully and adequately represent the instant putative class.

This Court finds Proposed Interim Counsel thus satisfy the second prong of FRCP 23(g).

### C. The Court Finds Proposed Interim Counsel Satisfy the Third Rule 23(g) Prong

Under Rule 23(g)(1)(A)(iii), the Court considers counsel's "knowledge of the applicable law." Like Rule 23(g)(1)(A)(ii), the Ninth Circuit has held that district courts have wide discretion to determine which party demonstrates a stronger "knowledge" of the applicable law and is able to

weigh this factor more heavily against the others if there is a greater apparent disparity. *Radcliffe*, 818 F.3d at 548–49.

Here, both Proposed Interim Counsel demonstrate familiarity and competence with the applicable law. Wolfson exhibits a nuanced and targeted understanding of advanced consumer protection theories under state statutes, including but not limited to specific doctrines of unfair competition, false advertising, and contract law. ECF No. 24–2 at 1. Furthermore, Wolfson's extensive background of successful litigation in analogous class action cases is sufficient to show that she has a robust knowledge of the applicable law to this Court. *Id* at 1-4.

Pomerantz demonstrates a broad familiarity with technology-based consumer deception matters and the surrounding statutory frameworks. Pomerantz's broader legal knowledge is advantageous an in unpredictable and multifaceted litigation. ECF No. 27 at 2–3. While Pomerantz focuses more extensively on broader liability theories and relief structures, and Wolfson shows a narrow tailoring to the instant subject matter, both appear to this Court as sufficient to show a requisite knowledge of the applicable law.

Accordingly, the Court finds that Proposed Interim Counsel have a satisfactory knowledge of the applicable law to represent the putative class adequately and fairly.

### D. The Court Finds Proposed Interim Counsel Satisfy the Fourth Rule 23(g) Prong

Rule 23(g)(1)(A)(iv) requires the Court to consider "the resources that counsel will commit to representing the class." Where both parties demonstrate the ability to dedicate adequate resources to the representation of the class, the Court may proscribe less weight to this factor and instead focus more heavily on experience and knowledge. *Radcliffe*, 818 F.3d at 548–49.

Wolfson contends that she fully understands the financial and human resources this case will require and is willing to expend them. ECF No. 24–1 at 6. Wolfson's law firm has never relied upon third-party funding for any matter and has never failed to pay assessments. *Id*. Wolfson claims her team is comprised of talented, experienced class action litigators that are well funded and ready to fully invest themselves in the case. *Id*.

Pomerantz has consistently demonstrated efficacy in devoting necessary resources to complex litigation while advancing all litigation costs. ECF No. 23–3 at 18, 45. Pomerantz has

committed to addressing any situation that can arise in any stage of litigation, and will allocate the necessary staff, resources, and diversity of skills at its disposal to effectively prosecute this litigation. *Id*. The proposed executive committee will collaborate to prosecute the claims, develop litigation strategy, conduct discovery, and further conduct delegated tasks. ECF No. 23-2 at 5. Pomerantz is committed to a periodic review of time entries billed by members of the executive committee to ensure the case proceeds with efficiency in mind. *Id* at 6. Pomerantz's structure and approach to handling this case, including the multi-firm leadership structure, appears to this Court to prioritize efficiency and adequate devotion of resources, thus satisfying the requirements of this prong.

Both Proposed Interim Counsel have shown the capacity and intent to commit the resources required to represent the class effectively. Accordingly, this Court will assign greater weight to the preceding factors and following considerations.

### E. Additional Considerations Support Appointing Proposed Interim Counsel

Rule 23(g)(1)(B) permits the Court to "consider any other mater pertinent to counsel's ability to fairly and adequately represent the interests of the class." This provision gives this Court broad discretion to evaluate any issues beyond the enumerated criteria, including but not limited to counsel's demonstrated commitment to collaboration, the risk of duplication or inefficiency, potential conflicts, and the design of proposed leadership structures. *Radcliffe*, 818 F.3d at 548.

Wolfson carries a strong reputation in the Central District of California, evidenced by her extensive experience litigating matters in this district. She has served as a Ninth Circuit Lawyer Representative for this District and as a Vice President of the Federal Litigation section of the Federal Bar association. EFC No. 24–2 at 2. Wolfson was also appointed to the Executive committee of the National Plaintiffs' Class Action Roundtable, the Advisory board of Duke Law School's Bolch Judicial Institute, and the Advisory Board of Emory Law School's Institute for Complex Litigation and Mass claims. *Id*. Wolfson asserts that her professional stature taken is reflective of her ability to substantively contribute to the advancement of the instant case while upholding ethical standards associated with representing the class. *Id*.

Pomerantz contends it has demonstrated a similar commitment to collaborative and inclusive leadership through its executive committee structure that incorporates both the Rosen and Portnoy

firms. ECF No. 23–3 at 3. Pomerantz notes that the structure of the executive committee is designed to effectively distribute work, promote efficiency, and address issues that are characteristic of litigation at this scale. *Id.*

Accordingly, this Court finds additional considerations support the appointment of Proposed Interim Counsel.

### F. Overreaching Provisions Concerning Proposed Interim Counsel's Authority

Rule 23(g) expressly authorizes the appointment of interim counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P.23(g)(3). By its plain language, Rule 23(g) contemplates that interim appointments are temporary in duration, and limited in scope with respect to capabilities and exclusivity. The phrase "before certification" implies that eventually, certification will occur at which point the Court is entitled to select class counsel adherent to an entirely independent analysis under rule 23(g)(1).

The Manual for Complex Litigation, Fourth, further clarifies and confirms the limited purpose, duration, and function of interim counsel. Section 10.22 explains that "[t]he court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their client with respect to specified aspects of the litigation" and that "[c]ounsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." Manual for Complex Litigation (Fourth) § 10.22, at 24. Section 21.11 further provides that prior to ruling on class certification, a court must assess the necessity and viability of interim counsel for early-stage litigation. *Id* § 21.11 at 246. Some of the considerations outlined in this section contemplate whether "the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel… [whether] there are a number of overlapping, duplicative, or competing suits pending in other courts." *Id*. Furthermore, section 21.11 establishes that the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id*. The Manual for Complex Litigation, Fourth establishes

that the term of interim counsel is a temporary one, and its function is to make early-stage litigation efficient while paving the path for the Court to select class counsel post certification.

Measured against these principles, the language in Paragraphs 4-5 of the Stipulation (ECF No. 28) appears incompatible with the limited and temporary purpose of appointing interim counsel under Rule 23(g)(3). Paragraph 5 provides that "[t]his Order shall apply to… any subsequently consolidated action… and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the facts underlying this litigation." ECF No. 28 at ¶5. This provision effectively grants Interim Co-Lead Counsel de facto class counsel status, as they would have continued control over all related present and future cases with no defined end point, and without regard for the Court's later ability to select class counsel after certification. Paragraph 4 of the Stipulation grants Interim Co-Lead Counsel "sole authority to communicate with the defendant's counsel… and the Court," while also binding its agreement on all other plaintiffs' counsel. ECF No. 28 at ¶4. These powers are characteristic of class counsel and appear to exceed the scope of the temporary and managerial role ascribed to interim counsel outlined in rule 23(g)(3).

Although not binding, the Western district of Washington has recognized the limited scope of Rule 23(g)(3) appointments by reaffirming the necessity of applying for appointment as class counsel after certification. *Zaldivar v. T-Mobile USA Inc.*, No. C06-1692-TSZ, 2008 WL 11244654, at *4. (W.D. Wash. Aug. 12, 2008) (explaining that the purpose of interim class counsel is to ensure "meaningful controls on the cost of litigation for class members" and that they would only represent the class "until the court makes a decision on class certification"). The Central District of California has likewise clarified that no single factor under Rule 23(g)(3) is dispositive, and that interim counsel should be appointed only if "necessary to protect the interests of the putative class." *White v. Experian Info. Sols., Inc.*, 993 F. Supp. 2d 1154, 1169-70 (C.D. Cal. 2014). To the extent that the Parties' Stipulation satisfies rule 23(g)'s necessity requirements, they have not shown how the provisions in Paragraphs 4 and 5 (granting sole authority to communicate with Defendant's counsel and extending the order to any subsequently consolidated action) are necessary to protect those interests. Because this is the explicit standard under Rule 23(g)(3), and they have not met it, the Court finds that even though both Proposed Interim Counsel are eligible to serve as Interim Co-Lead

Counsel in some capacity, the Stipulation exceeds the scope of that capacity. Therefore, this Court recognizes the temporary nature of interim class counsel appointments under rule 23(g)(3) and will not grant provisions—such as paragraphs 4 and 5 of ECF No 28. —that circumvent this limitation or otherwise interfere with the Court's discretion to appoint class counsel.

## IV.   Conclusion

For the reasons explained previously, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the Stipulation and **ORDERS** as follows:

1. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Pomerantz LLP and Tina Wolfson and Ahdoot Wolfson, PC, as Interim Co-Lead Counsel to act on behalf of the plaintiffs and the class members in the Related Cases.

2. Interim Co-Lead Counsel shall have the responsibilities set forth below:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs and the putative classes on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of the plaintiffs and the putative classes consistent with the requirements of the Federal Rules of Civil Procedure;

   c. Convene meetings among counsel;

   d. Conduct settlement negotiations on behalf of the plaintiffs and the putative classes;

   e. Delegate specific tasks to other plaintiffs' counsel, if and as needed, in a manner to ensure that pretrial preparation for the plaintiffs and the putative classes is conducted efficiently and effectively;

   f. Negotiate and enter into stipulations with opposing counsel, as necessary, for the conduct and efficient advancement of the litigation;

   g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

      h.  Perform such other duties as may be incidental to the proper coordination of the plaintiffs' pretrial activities or authorized by further order of this Court;

      i.  Serve as the primary contact for communications between the Court and other plaintiffs' counsel;

      j.  Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on other plaintiffs' counsel via the Court's electronic filing system);

      k.  Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

      l.  Allocate attorneys' fees.

3. Any additional plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff on behalf of the putative classes except through Interim Co-Lead Counsel, and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work on behalf of the putative classes without the express authorization of Interim Co-Lead Counsel.

4. Paragraphs 4 and 5 of the Stipulation are **DENIED** as exceeding the scope of an interim appointment under Rule 23(g)(3). Interim Co-Lead Counsel's authority shall be limited to any precertification activities deemed necessary to protect the interests of the putative class, and limited in tenure until certification occurs, and this Court decides to appoint class counsel pursuant to Rule 23(g)(1).

/ / /

/ / /

5. The parties are to file a stipulation addressing the consolidation of the *Siena* case within one (1) week of the date of this Order. The Court further clarifies that the deadline for filing a consolidated complaint as set forth in ECF No. 29 will run thirty (30) days from the date of any order consolidating the *Siena* case. If no stipulation regarding the *Siena* case is timely filed, the deadline for filing a consolidated complaint will be forty-five (45) days of the date of this Order.

**IT IS SO ORDERED**.

Dated: August 19, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge